CARLTON, J.,
 

 for the Court.
 

 ¶ 1. This case comes before the Court from the order of the Circuit Court of Washington County granting summary judgment to Jimmy W. Vance and Torrey Wood and Son, Inc., in a suit filed against them by Frances Jones Prewitt (Frances) and Elaine Crittenden (Elaine), collectively “Prewitt,” seeking damages arising out of an automobile accident. On appeal, Prew-itt argues that the trial judge erred in granting summary judgment because genuine issues of material fact existed as to whether Vance was negligent. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On August 29, 2002, Frances and her husband, Rufus Clarence Prewitt, Jr., were traveling north on Highway 61 in Washington County, Mississippi; Ronnie Pettite was also traveling north on Highway 61, behind the Prewitts’ vehicle. Vance was traveling south on Highway 61 in the course and scope of his employment with Torrey Wood and Son, Inc. Pettite’s vehicle, traveling at an excessive speed, collided with the rear of the Prewitts’ vehicle, sending the Prewitts’ vehicle out of control and into the northbound lane. Vance noticed the collision and the Prew-itts’ vehicle careening toward him. In an effort to avoid a collision, Vance pulled onto the shoulder of the northbound lane;
 
 *39
 
 however, the Prewitts’ vehicle hit Vance’s vehicle. As a result of the accident, Rufus died, and Frances was injured.
 

 ¶ 3. Frances, individually and as executrix of Rufus’s estate, filed suit against Vance, Torrey Wood and Son, Inc., and Pettite for the wrongful death of Rufus and for the personal injuries that she sustained in the accident. Rufus’s daughter, Elaine, later joined in her individual capacity as a plaintiff, asserting a claim for the loss of love and companionship of Rufus. Pettite and Prewitt reached a settlement, and Pettite was dismissed from the action. Thus, the suit proceeded against Vance and Torrey Wood and Son, Inc.
 

 ¶ 4. By deposition, Vance testified that he was traveling fifty miles per hour at the time of the accident.
 
 [1]
 
 He stated that the collision between Pettite and the Prewitts occurred approximately 800 feet in front of his vehicle. Vance described the accident as follows:
 

 Okay, as I was traveling north Mr. and Mrs. Prewitt was going [sic] headed south on that section of highway. Mr. Pettite came in behind them at a rather fast speed and hit them in the rear knocking their car out of control across my lane onto the shoulder of the highway where I had already gotten off onto the shoulder trying to miss them and they hit me on the shoulder of the highway.
 

 ¶ 5. Dennis Weaver, an officer with the Mississippi Highway Patrol, also gave deposition testimony as a certified accident reconstructionist. Officer Weaver responded to the scene of the accident to investigate. His description of the accident was consistent with Vance’s. Officer Weaver testified that Vance’s conduct did not contribute to the accident. He also opined that Vance was not speeding and did not break any laws in his operation of the vehicle at the time of the accident.
 

 ¶ 6. Frances did not remember anything about the accident. Elaine was not present at the accident and possessed no personal knowledge of the surrounding circumstances.
 

 ¶ 7. Vance and Torrey Wood and Son, Inc., filed a motion for summary judgment and attached the depositions of Frances, Elaine, Vance, and Officer Weaver. Vance argued that Prewitt had produced no evidence to rebut Vance’s and Officer Weaver’s accounts of the accident, both of which indicated that Vance was not negligent.
 

 ¶ 8. Prewitt pointed to a statement in Vance’s deposition testimony that he (Vance) noticed a shed on fire in a field moments before the accident. Prewitt claimed that Vance was distracted by the shed-fire and failed to keep a proper lookout to avoid the second collision. Prewitt also pointed to an inconsistency between Vance’s testimony and Officer Weaver’s testimony concerning the rotation of the Prewitts’ vehicle as it spun out of control and toward Vance: Vance recalled that the Prewitts’ vehicle turned clockwise ninety degrees; Officer Weaver testified that the Prewitts’ vehicle turned counterclockwise 360 degrees. Essentially, Prewitt argued that Vance would have noticed the rotation of the Prewitts’ vehicle had he not been distracted by the shed-fire and kept a proper lookout.
 

 ¶ 9. The trial court granted summary judgment in favor of Vance, finding that Prewitt failed to produce evidence of significant and probative value to rebut Vance’s showing that no genuine issue of
 
 *40
 
 material fact existed as to whether Vance was negligent. Aggrieved by the trial court’s decision, Prewitt appeals to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 10. We review the trial court’s grant of summary judgment de novo.
 
 Eckman v. Moore,
 
 876 So.2d 975, 988(43) (Miss.2004). Summary judgment shall be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The evidence is viewed in the light most favorable to the non-moving party, in whose favor all reasonable favorable inferences are drawn.
 
 Brown v. Credit Ctr., Inc.,
 
 444 So.2d 358, 362 (Miss.1983). “[Sjummary judgment is improper only where sufficient evidence exists for a reasonable jury to find for the plaintiff.”
 
 Strantz ex rel. Minga v. Pinion,
 
 652 So.2d 738, 741 (Miss.1995) (citing
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
 

 DISCUSSION
 

 Whether the trial court erred in granting summary judgment in favor of Vance and Torrey Wood and Son, Inc.
 

 ¶ 11. Prewitt argues that a genuine issue of material fact existed as to whether Vance was negligent. Prewitt relies on Vance’s statement that he saw the shed-fire shortly before the accident and claims that Vance failed to keep a proper lookout.
 

 ¶ 12. In a negligence action, “the plaintiff bears the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury.”
 
 Palmer v. Biloxi Reg’l Med. Ctr.,
 
 564 So.2d 1346, 1355 (Miss.1990). In a summary judgment proceeding, the mov-ant bears the initial burden of demonstrating that there is no genuine issue of material fact.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398(16) (Miss.2006) (citing
 
 Tucker v. Hinds County,
 
 558 So.2d 869, 872 (Miss.1990)). We find that Vance and Torrey Wood and Son, Inc., met this burden.
 

 ¶ 13. Generally, one is under a duty to act “as a reasonable and prudent person would have acted under the same or similar circumstances.”
 
 Knapp v. Stanford,
 
 392 So.2d 196, 199 (Miss.1980). More specifically, an automobile driver has a duty “to keep a reasonable lookout” and “take reasonably proper steps to avoid an accident or injury to persons and property after having knowledge of [a] danger.”
 
 Shideler v. Taylor,
 
 292 So.2d 155, 156-57 (Miss.1974).
 

 ¶ 14. In their summary judgment motion and the depositions attached to it, Vance and Torrey Wood and Son, Inc., demonstrated that there was no genuine issue of material fact as to whether Vance breached his duty to act reasonably under the circumstances. Frances recalled nothing from the accident, and Elaine was not present. Vance testified that he was not speeding at the time of the accident. Officer Weaver also opined that Vance was not speeding. Vance also testified that he saw the collision between the Prewitts and Pet-tite and attempted to, but could not, avoid colliding with the Prewitts’ vehicle. Officer Weaver’s testimony, with minor discrepancies, corroborated Vance’s account of the accident and further indicated that Vance did not break any laws and did nothing to contribute to the accident.
 

 ¶ 15. Because Vance demonstrated that there was no genuine issue of material fact, Prewitt was required to then come
 
 *41
 
 forward with “supportive evidence of significant and probative value” to show the existence of a genuine issue of material fact.
 
 Simpson v. Boyd,
 
 880 So.2d 1047, 1050(13) (Miss.2004) (citation omitted). We find that Prewitt offered only concluso-ry allegations unsupported by the evidence to infer that Vance failed to keep a reasonable lookout.
 

 ¶ 16. Although Vance testified that he noticed the shed-fire before the accident, he also stated that he saw the collision between the Prewitts and Pettite, and he attempted to avoid the second collision. The conclusion that, because Vance saw the shed-fire, he was distracted and failed to keep a proper lookout is a strained inference that requires conjecture and speculation. This is insufficient to defeat summary judgment.
 
 See, e.g., Luvene v. Waldrup,
 
 903 So.2d 745, 748(10) (Miss.2005) (“[t]he non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.”) (citation omitted). Furthermore, the evidence established that the collision between the Prewitts and Pettite occurred 300 feet from Vance — a short distance allowing little time for reaction considering that the two vehicles were traveling toward each other at approximately fifty miles per hour.
 

 ¶ 17. We find that Prewitt failed to present evidence of significant and probative value to establish a genuine issue of material fact as to Vance’s negligence. The evidence in the record was insufficient to allow a reasonable jury to find that Vance breached the duty to act with reasonable care under the circumstances. Accordingly, we find that the trial judge did not err in granting summary judgment in favor of Vance.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.
 

 [1]
 

 . The speed limit on the stretch of highway where the accident occurred is fifty-five miles per hour.