MYERS, J.,
for the Court:
¶ 1. Marvin Rhoda and Edith Weathers were involved in a two-vehicle collision in Southaven, Mississippi. Rhoda brought suit against Weathers, alleging she had negligently caused the accident and his resulting injuries. The case was tried to a jury in the County Court of DeSoto County, which returned a verdict for Weathers. Rhoda appealed to the DeSoto County Circuit Court, which affirmed the trial court’s judgment. He then appealed that decision to the Mississippi Supreme Court, which assigned the case to this Court. We affirm, except as to Rule 37(c) sanctions.
FACTS
¶ 2. On April 21, 2004, Weathers was traveling south on W.E. Ross Parkway, which intersects with Church Road. There is a stop sign at the intersection, requiring southbound traffic on W.E. Ross Parkway to stop and the yield the right-of-way to vehicles on Church Road. Church Road is a four-lane, divided highway with a posted speed limit of forty-five miles per hour. Rhoda was traveling west on Church Road in the right lane of travel, the lane nearest to the intersection with W.E. Ross Parkway. What happened next was disputed.
¶ 3. Rhoda testified that Weathers came to a “rolling stop” at the intersection. He saw her enter the intersection without looking both ways, as he was passing through it, causing their vehicles to collide. According to Weathers, the last thing she remembered was stopping her vehicle outside the intersection. Weathers testified that she was completely stopped when her vehicle was struck. An eyewitness, Melissa Stanford, testified that she saw the accident while working as a drive-through teller at a nearby bank. Stanford stated that Rhoda hit a puddle, lost control of his vehicle, and collided with Weathers’s vehicle. Stanford also corroborated Weathers’s testimony that she was stopped outside the intersection at the time of the collision.
¶ 4. The jury returned a verdict finding that Weathers had not negligently caused or contributed to Rhoda’s injuries, and Rhoda appeals, raising six issues.
DISCUSSION
1. Police Accident Report
¶ 5. Rhoda sought to introduce into evidence an accident report prepared by Officer Brian Keller of the Southaven Police Department. The report was a *1069 “Mississippi Uniform Crash Report,” essentially a form completed by the officer responding to the accident. The report contained a brief and somewhat contradictory narrative describing the collision:
[Rhoda] was westbound on Church Rd. in the # 2 lane. [Weathers] was stopped at the stop sign on W.E. Ross Pkwy. at Church Rd. [Weathers] started to make a left turn onto Church Rd. when [Rhoda] hit [Weathers] in the left door pushing her off the roadway to the west. The witness stated she noticed [Weathers] stopped and saw [Rhoda] hit [Weathers] in the driver’s side.
More importantly, the accident report had checkboxes for “contributing circumstances” attributable to each driver. For Rhoda, “no apparent improper driving” was checked, while Weathers was indicated to have “failed to yield the right-of-way.”
¶ 6. Essentially, Rhoda contends that the police report is substantive evidence that Weathers caused the accident by entering the intersection without yielding the right-of-way to him. Rhoda sought to introduce the report, but the trial court found it unreliable and did not allow it into evidence. On appeal, Rhoda contends that the accident report should have been admitted under Mississippi Rules of Evidence 803(6) and 808(8).
¶ 7. Police reports are hearsay. Rebelwood Apartments, LP v. English, 48 So.3d 483, 491 (¶ 36) (Miss.2010). Hearsay is generally inadmissible to prove the truth of the matter asserted, but Rule 803 provides certain exceptions. At issue in this case are Rule 803(6), the exception for records of regularly conducted activity, and Rule 803(8), the public records exception.
¶ 8. Rule of Evidence 803(8)(C) provides an exception for “factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.” According to the comment, Rule 803(8)(C) extends to the “factual findings made in an investigation which was conducted pursuant to lawful authority. Opinions and conclusions contained in such reports should be excluded.” The comment also notes that trial judges are “expressly give[n] ... the discretion to exclude such reports,” and other jurisdictions have exercised “great caution” in admitting them.
¶ 9. Rule 803(6), often called the business records exception to the rule against hearsay, provides that records kept in the “course of a regularly conducted business activity” are admissible, “unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.” M.R.E. 803(6).
¶ 10. In the recent Rebelwood decision, the Mississippi Supreme Court addressed the admissibility of police reports in civil actions. The court noted that the Rule 803(8) exception is interpreted broadly, so admissible “factual findings” may encompass opinions or conclusions, as long as they are factually based. Rebelwood, 48 So.3d at 492 (¶ 41). Our supreme court noted that the United States Supreme Court, interpreting the corresponding federal rule of evidence, held that police accident reports are admissible, including the officer’s conclusion as to fault, so long as they meet Rule 803’s trustworthiness requirements. Id. The rule in Mississippi is the same: “[a] conclusion in a police report may be admitted if based on a factual investigation and [it] satisfies the Rule’s trustworthiness requirement.” Id. at 493 (¶ 42) (citation and quotation omitted). Thus, the critical issue under either subsection of Rule 803 is whether the accident report is trustworthy.
*1070 ¶ 11. The trial court excluded the accident report, finding that Officer Keller’s investigation was insufficient to reach a trustworthy conclusion as to fault in causing the accident. We review a trial court’s decision to admit or exclude evidence for an abuse of discretion. Mingo v. State, 944 So.2d 18, 28 (¶ 27) (Miss.2006).
¶ 12. To analyze trustworthiness, the Mississippi Supreme Court has endorsed the following four considerations: “(1) the timeliness of the investigation; (2) the investigator’s skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation.” Rebelwood, 48 So.3d at 493 (¶ 44) (citing Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 168 n. 11, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988)).
¶ 13. The first, third, and fourth Rebel-wood factors are not at issue in this case. The only relevant concern is the officer’s skill and experience or, more precisely, their application to the investigation in this case.
¶ 14. Officer Keller was called to testify, outside the presence of the jury, regarding how he prepared the accident report. He admitted that he had no recollection of the investigation, despite efforts to refresh his memory by reviewing the report. He was only able to say what he would ordinarily have done to prepare a similar report. Officer Keller stated that he would have reviewed the scene of the accident, interviewed both drivers and any witnesses, and reviewed the functionality of any traffic control devices present — in this case, verify that the stop sign was standing and visible. Officer Keller also testified that he had some training in accident reconstruction, particularly analyzing skid marks to determine the speeds of vehicles involved in an accident. He admitted, however, that he did not do a reconstruction for this accident. Officer Keller suggested that a more rigorous analysis would have been reserved for accidents that had resulted in deaths or more serious injuries.
¶ 15. There was no question that Officer Keller had significant experience; by the time of the subject accident, he estimated he had responded to “thousands” of accidents. He likewise had training in some aspects of accident reconstruction. But Officer Keller acknowledged that he did not reconstruct this accident, and neither Keller nor the report itself explained what was actually done to investigate the accident. By all indications the investigation was cursory, and the only thing that the accident report establishes Officer Keller did was consider conflicting accounts of who was at fault. This amounted to little more than a credibility determination— weighing the same conflicting testimony presented to the jury in the trial. Keller’s opinion might have been informed by his years as a police officer, but we can only speculate as to how that experience was applied to investigating this accident. Under these circumstances we cannot say the trial court abused its discretion in excluding the conclusions in the report as unreliable. This issue is without merit.
2. Exclusion of Officer Keller as an Accident Reconstructionist
¶ 16. Rhoda next contends that the trial court erred in not allowing Officer Keller to testify as an expert accident reconstruc-tionist. We find this issue without merit because Officer Keller testified that he did not perform a reconstruction of this accident. He also admitted he had no independent recollection of his investigation. Moreover, Rhoda waived this issue during the trial by withdrawing his offer of Keller as an expert witness. This issue is procedurally barred and lacks merit.
*1071 3. Comparative Fault Instruction
¶ 17. Rhoda next contends that the trial court erred in giving a comparative fault instruction to the jury, as he asserts that there was no evidence he negligently contributed to his injuries. We disagree. There was testimony that Rhoda lost control of his vehicle after striking a puddle in the road, while traveling at approximately forty miles per hour. The puddle was described as presenting an open and visible danger. Mississippi law places a duty upon drivers to “to keep a reasonable lookout and take reasonably proper steps to avoid an accident or injury to persons and property after having knowledge of a danger.” Prewitt v. Vance, 16 So.3d 37, 40 (¶ 13) (Miss.Ct.App.2009) (quoting Shideler v. Taylor, 292 So.2d 155, 156-57 (Miss.1974)). We find the evidence sufficient to warrant a comparative fault instruction.
4. Motion for a New Trial / Judgment Notwithstanding the Verdict
¶ 18. Under these headings, Rhoda reiterates several issues we have previously found without merit. He also raises at least five new contentions of error, most of which concern evidentiary rulings of the trial court. On these new issues, however, his brief fails to comply with the Mississippi Rules of Appellate Procedure. Rule 28(a)(3) requires that each issue presented to the Court on appeal shall be “separately numbered” and “distinctly identified.” Failure to comply with the Rule 28 amounts to an abandonment of these issues on appeal. See, e.g., Shavers v. Shavers, 982 So.2d 397, 403 (¶ 34) (Miss.2008).
¶ 19. Additionally, Rhoda fails to provide authority and argument to support these new contentions. Rule 28(a)(6) requires that the assertions of the appellant must be supported by “the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” This is because there is “a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to the appellate court.” Cobb v. Cobb, 29 So.3d 145, 152 (¶24) (Miss.Ct.App.2010). Thus we have held that the failure to employ relevant authority operates as a procedural bar on appeal. Shavers, 982 So.2d at 401 (¶ 22). Of the various new contentions Rhoda raises under these headings, only one is supported by citation to any authority whatsoever. The remainder are clearly procedurally barred.
¶ 20. The supported contention, although some authority is cited, is also procedurally barred under Rule 28(a)(6). Rhoda asserts that the trial court erred by not allowing her to impeach the testimony of Stanford, the third-party eyewitness to the accident. The issue arose after Rhoda’s attorney asked Stanford on cross-examination whether she had spoken with anyone between the time she had spoken to the police officer, immediately after the accident, and before her deposition in this litigation. Stanford initially responded that she did not remember speaking with anyone and, when pressed by Rhoda’s attorney, denied that she had. Rhoda contends on appeal that she should have been allowed to cross-examine Stanford regarding the fact that she gave a statement to Weathers’s liability insurance company shortly after the accident, ostensibly for the purpose of impeaching her credibility as a witness.
¶ 21. This issue is simply not developed in Rhoda’s brief. To begin with, the brief does not cite the record to show where the trial court actually ruled that Rhoda could not impeach Stanford. Rule 28(a)(6) requires arguments of error be supported by citation to the record. A reviewing court is not obligated to scour the record to *1072 substantiate an appellant’s unsupported assertions as to what occurred at the trial. Nonetheless, we searched for it, and we have not been able to find such a ruling in the record. During Rhoda’s cross-examination of Stanford, he never attempted to impeach Stanford regarding the statement she had given to Weathers’s insurance company. After the redirect examination, Rhoda did state to the court in a bench conference that he wished to advance that line of questioning. Weathers’s attorney objected, contending that it was a transparent attempt to introduce improper evi- • dence of Weathers’s liability insurance. Rhoda denied that this was his intent, and at this point, the trial judge asked Rhoda to clarify what he was asking for. Rhoda then apparently abandoned his proposal to impeach Stanford on whether she had given the statement to the insurance company, stating that he only wished to examine the statement to determine whether it was consistent with Stanford’s testimony at trial, and then potentially to impeach her with it. The trial court reviewed the statement in chambers and denied Rhoda’s request.[1]
¶ 22. Rhoda’s argument on this issue amounts to little more than an announcement of a position. There is no analysis of the question presented, and while two Mississippi cases are mentioned in a string citation, they give no apparent support to the sentences that precede them. Specific pages or paragraphs in the decisions are not cited. Rhoda makes no effort to explain how the authorities support his position, and we have no obligation to try to figure it out. Rule 28 does not simply require a party to mention authority; the authority must be used to develop the argument in a meaningful way. Randolph v. State, 852 So.2d 547, 558 (¶29) (Miss.2002).
¶ 28. An appellant cannot give cursory treatment to an issue and leave it to this Court to uncover a basis for the claims, either in the record or in the law. Simply put, we will not act as an advocate for one party to an appeal. The appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.
5. Sanctions for Failure to Admit to Medical Records
¶ 24. Finally, Rhoda contends that the trial court erred in not awarding sanctions under Rule 37(c) of the Mississippi Rules of Civil Procedure, which states:
If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall make the order unless it finds that (1) the request was held objectionable under Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.
Rhoda contends that Weathers failed to admit “certain facts” in his Rule 36 requests for admission. See M.R.C.P. 36. Although Rhoda’s argument in his brief is not specific, from the record it is clear he *1073 is referring to requests for Weathers to admit the genuineness and admissibility of his medical records. At trial, Weathers did not object to their admission into evidence. After the trial, Rhoda sought sanctions against Weathers for the reasonable expenses of offering the documents. The trial court denied the motion.
¶ 25. Weathers offers two responses to Rhoda’s argument. First, she contends that she had “no specific knowledge” of the authenticity of the documents and no medical training with which to evaluate them. This contention is plainly without merit, as Rule 36 states: “An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.” Second, Weathers contends that the Mississippi Rules of Evidence provide an “inexpensive method” for medical records to be admitted. That may very well be the case, but it is an argument for the amount of Rhoda’s “reasonable expenses” under Rule 37(c), rather than whether any sanctions should be awarded.
¶ 26. Discovery matters are entrusted to the discretion of the trial court, but Rule 37(c) states that it “shall” order sanctions unless one of four specific findings is made. The admissions sought were clearly not “held objectionable under Rule 36(a)” or “of no substantial importance”; and we have reviewed the record and can find no “reasonable ground to believe that [Weathers] might prevail on the matter,” or “other good reason for the failure to admit.” M.R.C.P. 37(c). We therefore conclude that the trial court abused its discretion in denying sanctions for Weathers’s failure to admit to the admissibility of Rhoda’s medical records. Consequently, we reverse and remand for a determination of the amount of sanctions.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.

. Rhoda apparently never tried to get Weathers's statement in discovery. Rhoda attacks the ruling denying him access to the statement in one of the unsubstantiated assertions of error we have already declined to address.