ON WRIT OF CERTIORARI

WALLER, Chief Justice,
for the Court:
¶ 1. In 2004, Marvin Rhoda and Edith Weathers were involved in an automobile collision in Southaven, Mississippi. Rhoda sued Weathers, alleging negligence, and the jury returned a verdict for Weathers. The Court of Appeals affirmed the jury’s verdict, but reversed and remanded the trial court’s refusal to assess sanctions against Weathers for failing to admit to certain requests made by Rhoda in discovery. This Court granted Weathers’s petition for writ of certiorari to address only the issue of sanctions against Weathers. We now reverse the Court of Appeals on this issue and affirm the circuit court’s denial of Rhoda’s request for sanctions. All other issues addressed by the Court of Appeals, and not addressed by this opinion, are affirmed.
FACTS AND PROCEDURAL HISTORY[1]
¶ 2. During discovery, Rhoda propounded a number of requests for admission to Weathers. Attached to these requests were copies of Rhoda’s medical bills and prescription receipts and records. The following is an example of Rhoda’s requests and Weathers’s responses relating to these documents:
*1038 15. Admit that the attached as Exhibit B is a true, correct and authentic copy of the original bill from Horn Lake EMS incurred because of the injury sustained by Plaintiff, Marvin Rhoda as a result of the accident which is the subject of this lawsuit.
RESPONSE: Denied; the defendant is without information to determine whether Exhibit B is a true, correct and authentic copy of the document which it purports to be.
16. Admit that the attached Exhibit B is an authentic business record for the purposes of Miss. R. Evid. 803(6).
RESPONSE: Denied; the defendant is without sufficient information as to the manner in which Exhibit B was generated and produced.
17. Admit that the Attached Exhibit B was necessary and reasonable treatment for the injuries sustained by Plaintiff, Marvin Rhoda, as a result of he accident which is the subject of this lawsuit.
RESPONSE: Denied. The defendant is not a medical doctor nor has any medical training and is unfamiliar with the charges of health care providers in the area.
18. Admit that the attached Exhibit B is admissible into evidence after all prejudicial insurance information, including but not limited to insurance information is redacted in its entirety.
RESPONSE: Denied. Only the court can decide what is admissible or not.
Rhoda requested Weathers to make these admissions on thirteen different medical bills or prescription receipts, and Weathers made nearly identical denials to all thirteen requests. Rhoda submitted authenticated copies of his medical bills at trial, and they were admitted without objection.
¶ 3. Rhoda filed a post-trial motion for expenses based on Weathers’s failure to admit to these and other requests. The trial court denied the motion. The court noted that the Mississippi Rules of Evidence provide procedures for authenticating medical records and entering them into evidence that do not involve the party opposite admitting to them. Further, the court recognized that Weathers “did not prepare the records ... [and] is not custodian or responsible for those records.”
¶ 4. The Court of Appeals reversed, holding that Mississippi Rule of Civil Procedure 37(c) mandated sanctions against Weathers. Rhoda v. Weathers, 87 So.3d 1067 (Miss.Ct.App.2011). The Court of Appeals denied Weathers’s motion for rehearing. Weathers then filed a petition for writ of certiorari, which this Court granted.
ISSUE
¶ 5. The sole issue before this Court on certiorari is whether the trial court abused its discretion in refusing to grant Rhoda’s post-trial motion for expenses based on Weathers’s failure to admit to Rhoda’s requests for admission.
STANDARD OF REVIEW
¶ 6. A trial court’s decision whether or not to impose sanctions for alleged discovery violations is reviewed for abuse of discretion. Jones v. Jones, 995 So.2d 706, 711 (Miss.2008). The trial court’s decision should be affirmed unless a reviewing court has a “definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Id. (quoting Cooper v. State Farm *1039 Fire & Cas. Co., 568 So.2d 687, 692 (Miss.1990)).
DISCUSSION
¶ 7. When a party fails to admit a matter or the genuineness of a document that is later proven at trial, the requesting party may move the court to require the other party to pay the reasonable expenses the requesting party incurred in proving the matter or document. M.R.C.P. 37(c). The Rule states that the court “shall” make the order, unless it finds: 1) that the request was objectionable under Rule 36(a); 2) that the admission sought was of no substantial importance; 3) that the party failing to admit had reasonable ground to believe he might prevail on the matter; or 4) that there was other good reason for the failure to admit. M.R.C.P. 37(c).
¶ 8. The Court of Appeals held that none of the exceptions listed above applied to the requests. Rhoda, 87 So.3d at 1073. The Court characterized Rhoda’s request as requesting that Weathers “admit the genuineness and admissibility of [Rhoda’s] medical records.” Id. However, the Court’s opinion did not specifically address what comprised these “medical records.” In fact, Rhoda requested that Weathers admit to the genuineness and admissibility of medical bills and various prescription receipts. However, the authenticity of these documents and their admissibility into evidence at a civil trial were matters outside of Weathers’s knowledge, thereby making her denials of the requests appropriate and not subject to sanction.
¶ 9. The purpose of requests for admission under Rule 36 is “to determine which facts are not in dispute.” DeBlanc v. Stancil, 814 So.2d 796, 802 (Miss.2002). “It is not intended to be used as a vehicle to escape adjudication of the facts by means of artifice or happenstance.” Id. ¶ 10. Mississippi Rule of Evidence 803(6) provides that business records may be admitted at trial. However, for the records to be admissible, the rule requires that the custodian or “other qualified witness” testify to their authenticity. M.R.E. 803(6). Otherwise, the document must be self-authenticating pursuant to Rule 902(11). M.R.E. 803(6). For a document to be self-authenticating, it must include a “written declaration under oath or attestation” from a custodian or other qualified witness that meets the authentication requirements of Rule 803(6). M.R.E. 902(11).
¶ 11. Had Rhoda attached proper attestation of the documents’ authenticity when he propounded his requests, then Weathers would have had no good reason to deny the documents’ genuineness and authenticity. However, in his request, Rhoda failed to attach to his medical bills any affidavits or other written declarations by the custodians of these bills, or any other qualified witnesses, attesting to' their authenticity. In essence, Rhoda’s requests sought to contravene the Mississippi Rules of Evidence. Rather than properly authenticating his medical bills according to the Rules of Evidence, he attempted to authenticate them by “artifice or happenstance.” As Weathers was neither the custodian of the documents nor a qualified witness, she did not have the requisite information to determine whether the bills were true, correct, and authentic copies of what they purported to be, nor did she have knowledge of how the bills were prepared. Weathers stated as much in her responses to the requests for admission. As such, she had “good reason” for failing to admit to Rhoda’s request. See M.R.C.P. 37(c); 8 Wright & Miller, Federal Practice and Procedure § 2290, 629 n.15 (“Since a statement of reasons why the party is unable truthfully to admit or deny is expressly permitted as a response to a request ... it *1040 would be quite anomalous if a party who has stated valid reasons why this is so should be required to pay his opponent’s expenses.”). Recognizing this, the trial court refused to sanction Weathers for failing to admit to Rhoda’s requests. Under these facts, it cannot be said that the trial court abused its discretion in denying Rhoda’s motion for expenses. See Estate of Bolden ex rel. Bolden v. Williams, 17 So.3d 1069, 1072 (Miss.2009) (“A trial court has considerable discretion regarding discovery matters.”).
CONCLUSION
¶ 12. For the reasons stated, we hold that the trial court did not abuse its discretion in denying Rhoda’s motion for expenses based on Weathers’s failure to admit to Rhoda’s requests for admissions. Accordingly, we reverse the Court of Appeals on this issue and reinstate and affirm the judgment of the DeSoto County Circuit Court. All other issues addressed by the Court of Appeals, and not addressed by this opinion, are affirmed.
¶ 13. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS REINSTATED AND AFFIRMED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ„ CONCUR.

. Certiorari was granted solely to review the issue of sanctions based on Weathers’s alleged discovery violations. As such, this Court's history of the case will be limited to the facts surrounding Rhoda’s request for admissions and Weathers’s responses. For farther factual discussion of this case, see the Court of Appeals’ opinion, Rhoda v. Weathers, 87 So.3d 1067 (Miss.Ct.App.2011).