FAIR, J.,
for the Court:
¶ 1. In December 2008, Tony and Mary Stathos entered into a lease/purchase agreement with Lee County Rentals (LCR) for a mobile home park called “Garrison Estates,” located in Lee County near Tupelo. The total purchase price was $1,150,000, with the agreement calling for a nonrefundable option payment of $350,000 and monthly payments of approximately $8,000 that would be credited to the purchase price upon exercise of the purchase option. The purchase option was exercisable for two years by a balloon payment of the balance. A one-time, two-year extension of the purchase option could be acquired for an additional $25,000. On failure to pay, the contract provided for forfeiture of the deposit and other payments as rent and liquidated damages.
¶ 2. Two years came and went, and the Stathoses did not make the balloon payment or exercise the extension option; in fact, they had failed to make many of the monthly payments in full over the course of the lease. LCR brought the instant lawsuit seeking a declaratory judgment that it was entitled to reenter the property and be awarded damages for unpaid rent and breach of contract.
¶ 3. The Stathoses initially filed a motion to transfer venue, which was ultimately denied and is not a subject of this appeal. Before the Stathoses filed their answer, LCR filed a motion for partial summary judgment, contending among other things that there was no genuine issue of material fact as to whether it was entitled to reenter and take possession of the property. With their answer the Stathoses counterclaimed, contending LCR had failed to meet its obligations under the agreement to make the mobile homes ready for rental within a certain period after the execution *379 of the agreement,[1] as well as seeking damages for fraud and breach of contract.
¶4. The circuit court entered an order styled a “partial judgment and certification pursuant to [Mississippi] Rule [of Civil Procedure] 54(b),” dismissing the Stathos-es’ fraud claim as a matter of law and granting summary judgment to LCR on its declaratory judgment claims. The circuit court found a genuine issue of material fact on the remaining claims. It granted a Rule 54(b) certification on the partial judgment, and this appeal was taken.
STANDARD OF REVIEW
¶ 5. “We employ a de novo standard of review of a trial court’s grant or denial of summary judgment and examine all the evidentiary matters before it....” Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss. 2004). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
¶ 6. “The evidence is viewed in the light most favorable to the party opposing the motion.” Davis, 869 So.2d at 401 (¶ 10). “[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). Furthermore:
[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.
Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
DISCUSSION
1. Summary Judgment
¶ 7. The circuit court granted summary judgment to LCR on the declaratory relief it sought — i.e., that the Stathoses had breached the lease contract and that LCR was entitled to reenter and retake possession. The Stathoses admit they failed to make the payments required under the contract, but they assert LCR also failed to meet its obligation under the contract to make many of the trailers rent-ready. The Stathoses contend this entitles them to continue possessing the trailer park without paying.
¶ 8. We find no merit to this issue because of the paucity of authority presented. The Stathoses contend they were justified in terminating the lease, and present authority discussing when a party might be justified in terminating a contract; their brief cites Warwick v. Matheney, 603 So.2d 330, 337 (Miss.1992), overruled on other grounds by Business Communications, Inc. v. Banks, 90 So.3d 1221 (Miss.2012), for the proposition that “when a contract is procured through material misrepresentations, or when there is a total breach of the contract, a party may be justified in terminating the contract.” Warwick does briefly discuss those concepts, but it is simply not a fit for the present case, where the Stathoses do not actually want to terminate the lease — because if the lease were terminated, they would not be entitled to continue to possess the trailer park. What the Stathoses really want to show is that their breach was excused because of LCR’s own alleged *380 breach of the rent-ready provision of the contract. Whatever the merits of that argument, Warwick provides no support.
¶ 9. “There is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to the appellate court.” Cobb v. Cobb, 29 So.3d 145, 152 (¶ 24) (Miss.Ct.App.2010). Mississippi Rule of Appellate Procedure 28(a)(6) requires the appellant’s brief to contain “the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” The Rule requires more than the mere mention of authority; the authority must be used to develop the argument in a meaningful way. Patton v. State, 109 So.3d 66, 75 (¶ 22) (Miss.2012). A reviewing court is not required to scour the law to find support for the assertions of an appellant; to do so would put the Court in the position of an advocate and would deny the appellee a fair opportunity to respond. See Rhoda v. Weathers, 87 So.3d 1067, 1071-72 (¶¶ 21-22) (Miss.Ct.App.2011), rev’d in part on other grounds, Rhoda v. Weathers, 87 So.3d 1036, 1037 (¶ 1) (Miss.2012).
¶ 10. Because the Stathoses have failed to show error, this issue is without merit.
2. Due Process
¶ 11. The Stathoses’ second issue concerns the trial court’s dismissal of their counterclaim for fraud. Their argument is procedural rather than substantive; they contend the trial court granted summary judgment on the fraud claim without allowing them an opportunity to present evidence in support.
¶ 12. The procedural posture of this case is somewhat unusual. LCR filed its motion for summary judgment before the Stathoses’ answer and counterclaim, where the fraud counterclaim was first introduced. LCR both moved for summary judgment on the fraud claim (in its reply to the Stathoses’ response to its summary judgment motion) and for dismissal for failure to state a claim upon which relief can be granted (in its answer to the counterclaim). Both of these pleadings were actually filed the day after the hearing on the summary judgment motion.[2]
¶ 13. A motion for summary judgment “shall be served at least ten days before the time fixed for the hearing.” M.R.C.P. 56(c). This is a due process requirement that must be strictly enforced by the courts. Palmer v. Biloxi Reg’l Med. Ctr., 649 So.2d 179, 183-84 (Miss.1994).
¶ 14. Nonetheless, it seems apparent that the trial court’s dismissal of the fraud claims was on the face of the pleadings, and not based on insufficiency of supporting evidence. Fraud must be pleaded with particularity. M.R.C.P. 9(b). “Fraud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated.” Howard v. Estate of Harper ex. rel. Harper, 947 So.2d 854, 861 (¶ 20) (Miss.2006) (quoting Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss.1996)).
¶ 15. The Stathoses’ countercomplaint plainly failed to plead fraud with the required particularity, and it is equally clear *381 that the trial court, despite some ambiguity in its order,[3] dismissed the claims on their face and not based on a lack of supporting evidence. There is no merit to this issue.
3. Rule 54(b) Certification
¶ 16. Finally, the Stathoses contend the trial court erred in granting a Rule 54(b) certification on the issue of possession of the trailer park. They make the inexplicable assertion that “[the Rule 54(b) certification] creates the possibility that [the Stathoses] may have to go to trial on the remaining issues presently in the trial court before ... a decision on this appeal. As a result, the summary judgment of the trial court should be reversed.”
¶ 17. Rule 54(b) states in relevant part: When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.
¶ 18. A Rule 54(b) judgment should only be granted where “the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.” Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss.1987). A Rule 54(b) judgment should not be granted where it would result in piecemeal litigation or multiple appeals of the same issue. Reeves Constr. & Supply, Inc. v. Corrigan, 24 So.3d 1077, 1083 (¶¶ 16-17) (Miss.Ct.App.2010). “Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions.” M.R.C.P. 54 cmt. Nonetheless, whether to grant a Rule 54(b) certification is entrusted to the discretion of the trial judge. Cox, 512 So.2d at 900.
¶ 19. The trial court in this case made a clear and unambiguous Rule 54(b) certification, finding “no just reason for delay” of a final judgment on LCR’s claim to repossess the trailer park. Possession is a sev-erable issue from the claims by both parties for damages under the contract, which remain to be tried; and the prejudice that could result from not immediately issuing a final judgment on possession of the park is obvious and has not been seriously called into question by the Stathoses’ brief. We find no abuse of discretion.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. BARNES, J„ CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The agreement states both sixty and ninety days.

. The pleadings are actually dated three days before the hearing, and the Stathoses claim in their brief that they were received on that day; but the court clerk's "filed” stamp is from the day after the hearing. There is no transcript of the hearing in the record, so we do not know exactly what was argued there.

. The order recites in its opening paragraph that the issues it addresses are “before the Court on [LCR's motion for partial summary judgment]/' but it is quite clear that the fraud claim was dismissed because it "fails as a matter of law.”