FAIR, J.,
for the Court:
¶ 1. Clarence Jefferson was stopped after attempting to avoid a late-night roadblock in Columbia, Mississippi. He consented to a blood test that revealed his blood-alcohol concentration was twice the legal limit. After a trial, Jefferson was convicted of felony DUI, his third DUI offense in a five-year period,[1] and the circuit court sentenced him to five years’ imprisonment. Jefferson appeals, contending that the verdict was against the overwhelming weight of the evidence and that the prosecution committed a reversible discovery violation.
¶ 2. We find no error and affirm.
FACTS
¶ 3. At 2:15 a.m. on December 10, 2011, Jefferson was driving west on Highway 98 when he approached a safety checkpoint manned jointly by the Marion County Sheriffs Department and the Columbia Police Department. The officers motioned for Jefferson to stop, but he abruptly turned off the highway, without using his turn signal. A sheriffs deputy followed and, after observing Jefferson’s vehicle swerving, stopped him. The officers immediately noticed the smell of an alcoholic beverage and observed that Jefferson’s eyes were bloodshot and his speech slurred. The cap to a liquor bottle was seen on Jefferson’s front passenger seat.
¶ 4. Jefferson eventually admitted he had “a few drinks” earlier that night, and a portable test confirmed the presence of alcohol on his breath. Jefferson failed two field sobriety tests, getting six of six indicators of impairment on one and six of eight on another. He was taken into custody and, after dithering for a while, consented to a blood test. The blood was extracted at a local hospital about one hour after Jefferson’s vehicle was stopped. It was sent to the Mississippi Crime Lab for analysis, which showed Jefferson’s blood-alcohol concentration to be 0.16%, twice the legal limit.[2]
DISCUSSION
I. Sufficiency of the Evidence
¶ 5. In his first issue, Jefferson contends that his conviction is not supported by sufficient evidence because of what he alleges are gaps in the evidence relating to his blood-alcohol test.
¶ 6. The inquiry as to sufficiency is whether the evidence shows “beyond *265 a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id, (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 7. Jefferson makes two poorly developed arguments on this point. He first complains about the chain of custody of his blood sample at the Mississippi Crime Lab, though the specifics of the complaint are unclear — Jefferson simply asserts that there is not a “complete and unbroken chain of custody” and offers in support a lengthy (but materially incomplete) quote from the transcript of his cross-examination of the lab technician, followed by the assertion that it is “evident from this line of testimony that the Prosecution did not present sufficient documentation to establish that the chain of custody was preserved and that the blood sample assigned to the Defendant at the Mississippi Crime Laboratory was actually the Defendant’s blood.” Jefferson’s second argument is similar (and similarly perfunctory); he asserts that there could not be sufficient evidence of his guilt without “documentation” in evidence to corroborate the lab technician’s testimony that the machine used to test his blood-alcohol concentration had been calibrated.
¶ 8. Jefferson provides no authority specific to either of these arguments; he only recites the statute outlining the elements of the offense and quotes case law regarding the sufficiency of the evidence standard in its most general terms. Mississippi Rule of Appellate Procedure 28(a)(6) states: “The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” The rule “does not simply require a party to mention authority; the authority must be used to develop the argument in a meaningful way.” Archer v. State, 118 So.3d 612, 621 (¶ 29) (Miss.Ct.App.2012) (citation omitted). This is because “there is a presumption that the judgment of the trial court is correct and the burden is on the Appellant to demonstrate some reversible error to [the appellate court].” Birkhead v. State, 57 So.3d 1223, 1231 (¶ 28) (Miss.2011).
¶ 9. Jefferson’s arguments on this issue are not sufficiently developed to satisfy that initial burden. As this Court said in Rhoda v. Weathers, 87 So.3d 1067, 1072 (¶ 23) (Miss.Ct.App.2011), rev’d on other grounds, 87 So.3d 1036 (Miss.2012):
An appellant cannot give cursory treatment to an issue and [expect] this Court to uncover a basis for the claims, either in the record or in the law. Simply put, we will not act as an advocate for one party to an appeal. The appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.
¶ 10. Moreover, Jefferson’s arguments fail to address the fact that he could have been convicted without the blood-alcohol test results. Jefferson was charged under Mississippi Code Annotated section 63 — 11— 30 (Rev.2013), which provides in relevant part:
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; [or] ... (c) has an alcohol concentration of eight one-hun *266 dredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law....
¶ 11. Both the indictment and the jury instructions permitted Jefferson to be convicted if he drove “under the influence of intoxicating liquor.” “Common law DUI is proven when a defendant’s blood alcohol results are unavailable ... but there is sufficient evidence to [show] that the defendant operated a motor vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol.” Young v. State, 119 So.3d 309, 315 (¶ 19) (Miss.2013) (citation omitted). As we recounted above, there was substantial evidence from which the jury could find that Jefferson was driving while impaired. Jefferson’s failure to address this theory of the prosecution dooms his sufficiency of the evidence argument.
2. Brady Violation
1112. In his remaining issue, Jefferson contends the prosecution committed a Brady violation[3] by not providing him, under Rule 9.04 of the Uniform Rules of Circuit and County Court Practice, with the certification of the most recent calibration of the machine used to test his blood-alcohol concentration.
¶ 13. There are many problems with this argument, but first and foremost is that Jefferson has never shown that the document would be favorable to him. See Davis v. State, 43 So.3d 1116, 1123 (¶ 22) (Miss.2010). To make out a Brady claim, Jefferson has a burden to prove (among other things) that “the State possessed evidence favorable to the defendant” and that “the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence.” See Havard v. State, 86 So.3d 896, 900 (¶ 12) (Miss.2012). Failure of the defendant to prove either of these elements is fatal. Davis, 43 So.3d at 1128-24 (¶¶25, 28).
¶ 14. On appeal, Jefferson contends only that the certification “could have been useful” to his defense, depending on what it had shown. This is a manifest failure to prove that the document was favorable to him, as required under Brady.
¶ 15. Since complaining about the alleged discovery violation during the trial, Jefferson has never actually attempted to obtain the certification. It is undisputed that the certification was available to Jefferson upon his specific request, irrespective of whether the State should have provided it to him under Rule 9.04. Yet while Jefferson used the certification’s absence during his trial to argue reasonable doubt, he never followed up on the issue since being convicted. At the very least, Jefferson should have presented the document with his motion for a new trial or shown why he could not do so.
¶ 16. Having failed to pursue this claim, Jefferson cannot now prove a Brady violation occurred, even assuming the other requirements were satisfied. This issue is without merit.
¶ 17. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DUI AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $1,000 FINE AND $3,500 TO THE MARION COUNTY PUBLIC DEFENDER’S FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
*267 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. See Miss.Code Ann. § 63-11 — 30(2)(c) (Rev. 2013).

. See § 63-11-30(1).

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).