GARRISON, Judge.
Plaintiff, Vanessa Smith, filed this lawsuit against the defendants, Genieve I. Harrell and her liability insurer later named as State Farm Insurance Company, for damages for injuries sustained when plaintiff allegedly fell through stairs leading to a house owned by Harrell and located on Gentilly Boulevard in New Orleans. This accident occurred on November 4, 1986 as plaintiff visited her friend, Gaynell Morgan, who rented the premises from Harrell.
Although no one witnessed the accident, Morgan and Mr. James Duhe responded to plaintiff’s screams and saw that plaintiff’s left leg had gone through the wood in the stairs causing plaintiff to fall backwards. Morgan and Duhe helped plaintiff out of the situation and plaintiff was then taken to Tulane Medical Center emergency room for treatment. Plaintiff complained of swelling in her left ankle, abrasions and lower back pain. Plaintiff received out-patient care at the emergency room and was released shortly thereafter.
Two days after the accident, the plaintiff sought treatment from Dr. Henry Evans. Plaintiff complained of pain in her back and,, left side and Dr. Evans found a spasm, abrasion and discoloration of her left knee. Dr. Evans prescribed pain medication and recommended physical therapy to plaintiff. Dr. Evans testified that the plaintiff was doing well at her November 20, 1986 visit and that he planned to discharge her. Dr. Evans continued to see the plaintiff intermittently until March, 1987.
At trial, Genieve Harrell, the owner of the house where the accident occurred, testified that her renter, Gaynell Morgan, had reported the problem with the porch stairs to her approximately six months prior to the accident. However, the stairs were repaired only after the accident.
Following trial, the trial judge rendered judgment in favor of plaintiff and against defendants in the sum of $3,670.00 together with judicial interest from the date of demand until paid and all costs of the proceedings. An expert witness fee of $250.00 for Dr. Evans was assessed against the defendants as a cost of the proceedings. The amount awarded to plaintiff included $670.00 for medical expenses for treatment by Dr. Evans and $3,000.00 for general damages for plaintiff's injuries suffered in the accident. Plaintiff now appeals the judgment of the trial court.
On appeal, the plaintiff argues that the trial judge erred in failing to award adequate damages for her injuries suffered in the November 4, 1986 accident. She argues that the general damages award was inadequate as well as the special damages award which did not include medical expenses incurred for treatment from physicians other than Dr. Evans including a lumbar medial branch neurotomy performed by Dr. Kenneth Vogel, a neurosurgeon, in May, 1987, for a disc problem allegedly resulting from the accident on November 4, 1986.
In the trial court’s reasons for judgment, the trial judge stated that the plaintiff’s *9 testimony would not even be considered because:
“Defendant successfully attacked plaintiffs veracity and credibility. The trial record is replete with contradictions, misrepresentations and falsehoods by plaintiff. Plaintiff’s testimony is unworthy of belief to any degree.”
The trial judge noted that plaintiff has also made claims as a result of an alleged slip and fall at an A & P grocery store in April, 1988 and for injuries allegedly sustained when she was robbed while working for a Time Saver store in March, 1986. The trial judge further noted that plaintiff employed different counsel for each of her three claims and failed to tell any of them about the other incidents, resulting injuries and claims. The trial judge concluded that plaintiff has attempted to abuse the injury reparations system and that the only injuries attributable to the November 4, 1986 accident were those treated by Dr. Evans. Accordingly, only medical expenses charged by Dr. Evans were awarded to plaintiff along with a general damages award of $3,000.00.
The record fully supports the trial judge’s conclusions with regard to the credibility of the plaintiff and the injuries which were causally connected to the accident of November 4, 1986. After the Time Saver incident in March, 1986, plaintiff claimed in her answers to interrogatories that her doctor informed her that she had a ruptured disc in her back. However, when plaintiff sought treatment from Dr. Vogel in April, 1987, she told him that she was in satisfactory health prior to the fall of November 4, 1986 and she denied having any injuries prior to that fall. Dr. Vogel performed a lumbar medial branch neurotomy for plaintiff’s disc problem in May 1987 but he testified that his opinion that her back problems requiring this procedure were caused by the November 4, 1986 accident was based on the plaintiff’s medical history as related by her.
Furthermore, in interrogatories propounded in the Time Saver case in September, 1987, the plaintiff answered that she had received no other injuries resulting from any accident or incident at any other time in her life. That answer was given ten months after the accident in the instant case. In interrogatories propounded in the instant ease in December, 1987, plaintiff denied ever having been involved in any other lawsuit. That answer was given nine months after the lawsuit in the Time Saver case had been filed.
Therefore, because the trial judge’s credibility determination in this case was clearly a reasonable one, it will not be disturbed on appeal. Furthermore, the finding that the injuries suffered in the November 4, 1986 accident were only those treated by Dr. Evans and that injuries treated by other doctors were not proven to be causally related to the November 4, 1986 accident is supported by the record. Therefore, the judgment awarding plaintiff medical expenses of $670.00 for treatment by Dr. Evans and general damages of $3,000.00 was not manifestly erroneous.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.