995 So.2d 136 (2008)
PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellant,
v.
Joyce DOZIER, Appellee.
No. 2007-SA-01432-COA.
Court of Appeals of Mississippi.
October 21, 2008.
*137 Mary Margaret Bowers, attorney for appellant.
George S. Luter, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Joyce Dozier applied for disability and retirement benefits with the Public Employees' Retirement System (PERS). PERS denied Dozier's application, stating that there was insufficient objective evidence to support Dozier's claim that her medical condition prevented her from performing her duties as a teacher. Aggrieved, Dozier appealed this decision to the Circuit Court of the First Judicial District of Hinds County. The circuit court reversed and remanded the case, stating that PERS's decision was not supported by substantial evidence and was arbitrary and capricious. PERS now appeals this judgment, raising the following issue on appeal:
Whether the circuit court erred by reversing PERS's decision to deny Dozier's claim for disability benefits, finding that PERS's decision was not supported by substantial evidence and was arbitrary and capricious.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Dozier was employed as a school teacher and a bus driver for the Lee County Schools for more than twenty-three years. As a school teacher, Dozier taught ninth through twelfth grade students in the school's work program. Her duties included teaching life skills classes, finding jobs for the students, supervising the students, and locating potential employers.
¶ 3. Dozier had a history of health problems, primarily from diabetes, hypertension, and cellulitis of the abdomen. Due to her health problems, Dozier missed ninety-one days of work between August 7, 2002, and January 13, 2003. On October 23, 2002, Dozier attempted to work, but she could not finish out the day because she became lightheaded; her speech was slurred; and she ultimately passed out at work. On January 15, 2003, Dozier filed a claim for disability and retirement benefits. Johnny Green, the Lee County School District Superintendent, submitted an "Employer's Certification of Job Requirements" form that stated that Dozier seemed motivated toward continuing employment. However, Green stated that Dozier could no longer perform the duties of her job because she was unable to report to work. Green also stated that Dozier had not been offered another job without a material reduction in compensation or a change in location. On September 5, 2003, PERS denied Dozier's claim, stating that there was insufficient objective evidence to support a finding that her medical condition prevented her from performing her job.
¶ 4. Dozier appealed to the PERS disability appeals committee. During the hearing, Dozier testified that she suffered from diabetes, cellulitis of the abdomen, fibromyalgia, pancreatitis, thyroid problems, kidney problems, and bowl obstruction. Dozier learned that she was diabetic on August 15, 2001, and a host of other *138 problems followed. Dozier had four surgeries from June 2002 to August 2002 due to cellulitis and staph infection from a hysterectomy incision. Dozier testified that she never recovered after the surgeries and had no strength, which precluded performance of daily activities.
¶ 5. Dozier also testified that she applied for social security benefits, and Dr. Steven Easley evaluated her and recommended that she be found to be disabled. In addition to Dozier's testimony, the disability appeals committee reviewed physicians' reports from Dr. Kerry Morgan and Dr. Steve Richey. PERS also obtained independent medical evaluations performed by Dr. Laura Gray and Dr. Mark McLain. After reviewing the evidence, the disability appeals committee recommended that the Board of Trustees deny Dozier's claim, stating that based on the opinions of Dr. Morgan and Dr. Easley, there was insufficient objective evidence to support a finding of disability. The Board of Trustees adopted the recommendation and denied Dozier's claim for disability benefits.
¶ 6. Thereafter, Dozier appealed to the Circuit Court of Hinds County. The circuit court reversed PERS's decision, finding that it was not supported by substantial evidence and was arbitrary and capricious. PERS now appeals this judgment and argues that the circuit court impermissibly substituted its judgment for that of PERS and that PERS's denial of Dozier's claim for disability is supported by substantial evidence and is neither arbitrary nor capricious.

ANALYSIS
¶ 7. When reviewing the decision of an administrative agency, this Court applies the same standard of review that the circuit court is required to follow in its appellate capacity. Pub. Employees' Ret. Sys. v. Wright, 949 So.2d 839, 842-43(¶15) (Miss.Ct.App.2007). The reviewing court may not substitute its judgment for that of the agency rendering the decision and may not reweigh the facts on appeal. Pub. Employees' Ret. Sys. v. Marquez, 774 So.2d 421, 425(11) (Miss.2000) (citations omitted). The administrative agency's decision should not be disturbed on appeal unless it "1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." Id.
Whether the circuit court erred by reversing PERS's decision to deny Dozier's claim for disability benefits, finding that PERS's decision was not supported by substantial evidence and was arbitrary and capricious.
¶ 8. PERS argues that the circuit court impermissibly reweighed the evidence and substituted its judgment for that of PERS. PERS maintains that its decision to deny Dozier's claim for disability benefits was supported by substantial evidence and was neither arbitrary nor capricious because the objective evidence in the record was insufficient to establish disability. We find that PERS's decision to deny Dozier's claim for disability benefits was not supported by substantial evidence and was, therefore, arbitrary and capricious. Thus, the circuit court did not err by reversing that decision.
¶ 9. On appellate review, it is this Court's job to determine if the evidence presented supports PERS's denial of Dozier's claim for disability benefits. See Howard v. Pub. Employees' Ret. Sys., 971 So.2d 622, 626(10) (Miss.Ct.App.2007) (citations omitted). "Substantial evidence has been defined as evidence which affords a substantial basis of fact from which the fact in issue can be reasonably inferred." Pub. Employees' Ret. Sys. v. Dearman, 846 So.2d 1014, 1016(7) (Miss.2003) (citing *139 Davis v. Pub. Employees' Ret. Sys., 750 So.2d 1225, 1233(24) (Miss.1999)). PERS denied Dozier's application for disability retirement benefits pursuant to Mississippi Code Annotated section 25-11-113(1)(a) (Rev.2006), which provides that a state employee may be retired by the board of trustees, after a medical examination, provided that the medical board certifies that the employee is mentally or physically incapacitated for the further performance of duty. Disability is defined as "the inability to perform the usual duties of employment or the incapacity to perform such lesser duties ... without material reduction in compensation...." Id. In making its finding of disability, "PERS is required to base its decision upon [the] evidence in the record before the agency." Stevison v. Pub. Employees' Ret. Sys., 966 So.2d 874, 882(27) (Miss.Ct.App.2007) (citing Miss. Code Ann. § 25-11-120(1) (Rev.2006)).
¶ 10. Several physicians evaluated Dozier's condition and submitted statements as to whether she was disabled, and PERS used the physicians' findings in making its decision. Dozier's medical evidence consisted of the following:
(1) Dr. Kerry Morgan, an internist and cardiologist, evaluated Dozier and diagnosed her with diabetes, cellulitis of the abdomen, and uncontrollable hypertension. Dr. Morgan listed Dozier's impairments as decreased body strength due to the cellulitis of the abdomen, an inability to stand or walk for more than thirty minutes, and fainting. In addition, Dr. Morgan noted that Dozier had four surgeries within a year and suffered complications from those surgeries. Due to these deficiencies, Dr. Morgan opined that Dozier was unable to work and should be on disability.
(2) Dr. Steve Richey, a pain specialist, diagnosed Dozier with lumbar facet syndrome, migraines, myofascial syndrome and chronic lateral epicondylitis and stated that her condition likely will continue to deteriorate. Dr. Richey stated that Dozier was impaired due to decreased strength in her right hand and pain with her lateral rotation and flexion of her lumbar spine.
(3) PERS obtained an independent medical evaluation from Dr. Laura Gray. Dr. Gray stated that Dozier suffered from numerous medical problems, including hypertension, hyperlipidemia, and diabetes. Dr. Gray also noted that Dozier seemed limited in her ability to function due to depression and recommended a psychiatric evaluation. Dr. Gray determined that Dozier did not meet the criteria for disability based on her complaints of low back pain and fibromyalgia. However, Dr. Gray deferred a diagnosis concerning malignant hypertension to an internist.
(4) Upon Dr. Gray's recommendation, PERS obtained an independent psychiatric evaluation for Dozier from Dr. Mark McLain. Dr. McLain determined that Dozier was not disabled due to psychiatric illness. Dr. McLain deferred to other physicians in regard to any disabilities related to non-psychiatric matters.
(5) Dr. Steven Easley, who examined Dozier for social security benefits, diagnosed her with diabetes, hypertension, and cellulitis of the abdomen. Dr. Easley noted that these medical conditions caused Dozier chronic pain and soreness and impaired her ability to stand, walk, and lift. Thus, Dr. Easley determined that based on Dozier's chronic illnesses, there was not a possibility of recovery that would enable Dozier to work.
¶ 11. In its order denying Dozier's claim for disability benefits, PERS stated that the subjective evidence submitted was insufficient to support a finding of disability. *140 In addition, PERS listed several reasons in support of its finding, which were gathered from observations made from Dozier's medical records. For instance, although admitting that cellulitis can be serious, PERS noted that Dozier's infection was contained to the skin, and the surgeries never penetrated her abdominal cavity. PERS noted that there was no objective evidence to support Dozier's claim of lack of energy and strength. During the hearing, PERS observed that Dozier was able to walk herself into the hearing room, stand, and sit without apparent difficulty. Also, PERS concluded that there was no evidence of uncontrolled diabetes in Dozier's medical records; and, although glucose levels were not frequently documented, one test showed a fair control of diabetes. PERS also determined that Dozier's medical records did not support a diagnosis of malignant hypertension. PERS further stated that Dozier's blood pressure would be manageable with appropriate medication, and PERS disagreed with Dr. Morgan's choice of prescriptions. PERS concluded that there was not enough objective evidence to establish disability, and the subjective opinions of Dr. Morgan and Dr. Easley did not establish disability.
¶ 12. In much the same way that we have done here, the circuit court summarized the medical statements provided by the physicians, Dozier's testimony during the hearing, and PERS's order denying Dozier disability benefits. Noting the appropriate standard of review, the circuit court determined that there was substantial evidence in the record supporting Dozier's inability to work. The circuit court also stated the following:
While it is true that Drs. Gray and McLain did not specify who [sic] they would defer to by name, it should not be ignored that Dr. Gray did specify that she would defer the malignant hypertension to an internist, which Dr. Morgan happens to be.... Difficulty or deference by other physicians in determining disability should not negate the evidence of physicians who have properly determined that Mrs. Dozier is disabled.
Based on the foregoing, the circuit court determined that PERS's decision was not supported by substantial evidence and was arbitrary and capricious.
¶ 13. Finding no error, we affirm the circuit court's finding that PERS's decision was not supported by substantial evidence. Several analogous cases support this finding and, therefore, guide this discussion: Public Employees' Retirement System v. Dearman, 846 So.2d 1014 (Miss.2003); Public Employees' Retirement System v. Marquez, 774 So.2d 421 (Miss.2000); see also Public Employees' Retirement System v. Kellum, 878 So.2d 1044 (Miss.Ct. App.2004); Public Employees' Retirement System v. Thomas, 809 So.2d 690 (Miss.Ct. App.2001).
¶ 14. In Dearman, a teacher resigned because she was unable to perform her duties due to several physical ailments. Dearman, 846 So.2d at 1015(2). She applied for disability benefits, and her physician submitted a statement to PERS indicating that she was permanently disabled. Id. at 1016(3). PERS denied her application for disability benefits, and she appealed, submitting additional medical evaluations from other physicians. Id. at (5). Upon the recommendation of the disability appeals committee, PERS denied her claim. Id. The claimant appealed to the circuit court, and the circuit court reversed PERS's decision. Id. at (6). On appeal, the supreme court stated the following:
PERS contends physicians on the Medical Board and the Disability Appeals Committee reviewed the evidence and determined that Dearman was not disabled. However, their opinion is not *141 conclusive. PERS cannot choose to ignore the only evidence in the record from the examining physician....
Id. at 1018(11). The supreme court affirmed the circuit court's finding that PERS's decision was not supported by substantial evidence and was, therefore, arbitrary and capricious because the denial of benefits lacked evidentiary support in the record. Id. at 1019(15).
¶ 15. Likewise, in Marquez, a teacher could no longer work due to failing health. Marquez, 774 So.2d at 424(6). PERS also denied the claimant's application for disability benefits because there was insufficient objective evidence in the record to support a finding of disability. Id. at (8). The circuit court reversed. On appeal, PERS claimed that physicians on the medical board reviewed all of the evidence in making its decision, and this was substantial evidence upon which PERS could find that the claimant was not disabled. Id. at 426(15). Specifically, PERS contended that: (1) the medical issues were based on subjective complaints, and (2) the claimant continued to work despite her medical issues. Id. at (16). The supreme court determined that PERS's arguments were without merit and had little bearing on the claimant's present ability to perform her duties. Id. at 427-28 (23-26). Thus, the supreme court affirmed the circuit court's ruling because PERS's decision was not based on substantial evidence and was, therefore, arbitrary and capricious. Id. at 429(33).
¶ 16. In the present case, the record reveals that PERS's decision to deny Dozier disability benefits is not supported by substantial evidence. Dr. Morgan and Dr. Easley determined that Dozier's medical conditions prevented her from working. Additionally, Dr. Richey determined that Dozier's decreased strength impaired her ability to perform her duties as a teacher. PERS even sought independent medical evaluations from Dr. McLain and Dr. Gray. Dr. McLain deferred to the opinions of other physicians in regard to non-psychiatric issues. Dr. Gray determined that Dozier was not disabled based on her complaints of low back pain and fibromyalgia, but Dr. Gray deferred a diagnosis of malignant hypertension to an internist. Dr. Morgan, an internist, listed Dozier's hypertension as one of the reasons why Dozier was unable to work, and there was no medical opinion submitted to the contrary.
¶ 17. This summary of Dozier's medical evidence is similar to the summary provided by the circuit court in its opinion. PERS contends that the circuit court impermissibly reweighed the evidence. We disagree. The circuit court did not reweigh the evidence but simply listed the facts, and an objective review of the facts clearly indicates that the record is void of any evidence supporting PERS's denial of Dozier's disability benefits.
¶ 18. Apparently, PERS disagreed with the physicians' medical findings and came to its own conclusions regarding Dozier's health. PERS discounted the opinions of Dr. Morgan and Dr. Easley, stating that there was insufficient objective evidence to support the physicians' findings. However, as the supreme court stated in Marquez, "[i]f medical diagnoses by licensed physicians are to be labeled `subjective' evidence of medical ailments, it is unclear what PERS would consider to be `objective' evidence." Marquez, 774 So.2d at 427(22). Dr. Morgan's and Dr. Easley's medical findings are objective evidence. Because no physician provided a medical opinion contradictory to Dr. Morgan or Dr. Easley, PERS's rejection of the physicians' medical opinions as purely subjective assessments of Dozier's condition was improper.
¶ 19. Upon rejecting the opinions of Dozier's treating physicians, the PERS medical board reviewed Dozier's medical *142 records and came to its own conclusion that the data did not support a finding of disability. We are mindful that PERS is the finder of fact. However, the supreme court has previously held that PERS's opinion is not conclusive, and PERS cannot choose to ignore uncontroverted evidence provided by the treating physicians. Dearman, 846 So.2d at 1018(11). Additionally, in Thomas, this Court stated that "[t]he substantial evidence that is sufficient to withstand appellate scrutiny cannot be evidence contained within the confines of the [heads of the doctors sitting on the PERS medical board]. It must be evidence in the record." Thomas, 809 So.2d at 694(14). Ultimately, the opinion of the PERS medical board is not evidence in the record. Thus, it follows that PERS's decision to deny Dozier disability benefits is not supported by substantial evidence and is, therefore, arbitrary and capricious.

CONCLUSION
¶ 20. We find that there is a lack of substantial evidence in the record to support PERS's denial of Dozier's disability benefits. To the contrary, the evidence totally supports a finding that Dozier is disabled, and she is unable to perform her duties as a teacher. As a result, we affirm the judgment of the circuit court reversing the denial of Dozier's disability benefits.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.