# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-SA-01062-COA

**SALLIE RICHARDSON, MOTHER AND NAMED BENEFICIARY OF DISABILITY RETIREMENT BENEFITS OF KARI WYNN PHILLIPS**                                                                          APPELLANT

v.

**PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI**                                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GEORGE S. LUTER |
| ATTORNEY FOR APPELLEE: | SAMUEL MARTIN MILLETTE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 09/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Sallie Richardson filed this appeal on behalf of her daughter, Kari Wynn Phillips ("Phillips"), seeking review of the Public Employees' Retirement System of Mississippi ("PERS") Board of Trustees' (the "PERS Board") August 24, 2010 decision to deny her request for non-duty-related disability benefits.[1]   The PERS Medical Board ("Medical Board") reviewed Phillips's application and supporting documentation and subsequently

---

[1] Phillips died on May 26, 2016.  Sallie Richardson is the mother and named beneficiary of Phillips's disability retirement benefits.

denied her claim. Phillips appealed the Medical Board's decision and was granted a hearing before the PERS Disability Appeals Committee (the "Appeals Committee"), which took place April 9, 2010. The Appeals Committee, after considering the testimony and evidence, presented its recommendation to the PERS Board. The PERS Board adopted the "Proposed Statement of Facts, Conclusions of Law, and Recommendation" of the Appeals Committee to deny Phillips's request for payment of non-duty-related disability benefits. Phillips appealed the PERS Board's decision to the Circuit Court of the First Judicial District of Hinds County, Mississippi. The circuit court upheld the PERS Board's order, and Phillips appealed.

¶2. On appeal, Phillips raises the following issues: (1) whether the PERS Board's decision to deny Phillips disability benefits under Mississippi Code Annotated section 25-11-113 (Supp. 2008) is not supported by substantial evidence and, therefore, arbitrary and capricious; and (2) whether the PERS Board violated Phillips's due process rights to a fair hearing by not obtaining additional medical records. After a thorough review of the record, we affirm the PERS Board's decision to deny Phillips non-duty-related disability benefits.

FACTS

¶3. Phillips worked as a Family Protection Specialist-Advanced for the Mississippi Department of Human Services. She was terminated from her job on October 24, 2008, after 23.75 years of service. On February 17, 2009, Phillips applied for non-duty-related disability benefits pursuant to section 25-11-113(1)(a), alleging disability due to depression, anxiety, nerves, attention deficit/hyperactivity disorder (ADHD), and migraines.

¶4.     After conducting an independent medical evaluation, the Medical Board reviewed

Phillips's application and supporting documentation and subsequently denied Phillips's

claim.  Phillips appealed the Medical Board's decision to the PERS Board, which granted a

hearing before the Appeals Committee on April 9, 2010.  The Appeals Committee, after

considering the testimony and reviewing the medical records and other documentary

evidence, recommended that the PERS Board deny Phillips's claim.  In its "Proposed

Statement of Facts, Conclusions of Law, and Recommendation," the Appeals Committee

"found the evidence before it sufficient to make an informed and knowledgeable decision"

and set out the evidence supporting its denial as follows:

> The PERS statute requires that the medical disability must be the reason for the termination of employment.  This is clearly a problem for Ms. Phillips' case.  According to Ms. Phillips, she was terminated for reasons unknown to her.  She hired counsel according to the medical records to defend her in her termination hearing, lending the appearance that she believed she was able to perform her job at that time.  In fact, Ms. Phillips was apparently doing the tasks of her employment until March 21, 2008, when she was suspended and placed on leave after being accused of stealing narcotics and other medications from her clients and their families.  She told this Committee that up until she was suspended, she was able to do her job.  After the employee appeals board determined that her termination was for cause, Ms. Phillips did not appeal that decision.  There is ample evidence that Ms. Phillips was terminated for reasons other than an alleged disability.  She was terminated for misconduct.  After termination, Ms. Phillips did apply for Social Security benefits and was approved for those around the time of her termination.  This Committee is aware that it has the option of considering a disability determination from Social Security as the basis for a decision, but in this case, the Committee chooses to make a determination based on the evidence before us today and the PERS statute which has different requirements from that of the Social Security Administration.

> With regard to the medical psychiatric condition Ms. Phillips alleges to be disabling for her, it is true that she has had some anxiety and depression over the years that seems to exacerbate with situations with her ex-husband,

3

boyfriend, son, and father. Dr. Montgomery demonstrated that with his outline of Ms. Phillips' medical history. The record shows no psychiatric complaints between February of 2006 and July of 2007. Then, in July of 2007, Ms. Phillips tested positive for polysubstances, including marijuana and after that, she complained of severe headache pain and used Lortab for the pain but complained over and over that the Lortab was not providing relief. There were some concerns by doctors about prescriptions for Lortab, and Ms. Phillips' requests for more after losing a prescription, etc. Then, by March of 2008, Ms. Phillips was suspended after being accused of taking medications from her clients and their families. It was when she was accused of stealing drugs that her stress increased.

There is insufficient evidence to prove that Ms. Phillips is disabled. We noted the opinion from Dr. Middleton that Ms. Phillips is disabled, but she was not psychologically or medically disabled until after she was fired. She worked for 23.75 years with her underlying psychiatric pathology. She did not allege disability until after she lost her employee appeals hearing. Then, she applied for Social Security, and Dr. Whelan was the psychologist for them. Dr. Montgomery, on the other hand, is a board certified psychiatrist, and he tested Ms. Phillips using psychological testing specifically designed to identify malingering or feigning. Dr. Montgomery established through his objective testing that Ms. Phillips had a high probability of malingering or feigning. He also noted the discrepancies and problems with the diagnoses and prognoses of Dr. Middleton who had treated Ms. Phillips over time but not on a consistent basis. He noted that while Ms. Phillips did have pathology, that she had more of a depressive, mood etiology and that Dr. Middleton had written that Ms. Phillips was improving on Seroquel, but then Dr. Middleton concluded subsequently that Ms. Phillips was bipolar based on her actions and descriptions of problems. Dr. Montgomery properly and correctly noted that Ms. Phillips appeared more depressed, and it seemed to be situational and that one could not be manic and at the same time be in bed for long periods of time. The symptomatology and diagnosis by Dr. Middleton do not correspond or match.

Ms. Phillips probably has some situational depression and anxiety but her termination was not based on a medical or psychiatric condition for two reasons. The first reason was that she was terminated for reasons other than a medical or psychiatric problem. The second reason is that her psychiatric problems are not to the level of being disabling. That being the case, this Committee cannot recommend that Ms. Phillips be approved for non-duty related disability . . . .

¶5.     The PERS Board concurred with the Appeals Committee's recommendation to deny Phillips non-duty-related disability benefits and adopted the Appeals Committee's recommendation as its final decision. Phillips appealed the PERS Board's determination, which the circuit court affirmed. Phillips now appeals the Board's decision to this Court.

STANDARD OF REVIEW

¶6.     The standard of review on appeal from an administrative decision of the PERS Board of Trustees is limited to a determination of whether the PERS Board's decision (1) was supported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the authority of the Board to make; or (4) violated a statutory or constitutional right of the claimant. *Thomas v. Pub. Emps.' Ret. Sys.*, 995 So. 2d 115, 118 (¶14) (Miss. 2008); *Laughlin v. Pub. Emps.' Ret. Sys.*, 11 So. 3d 154, 158 (¶17) (Miss. Ct. App. 2009); *Pub. Emps.' Ret. Sys. v. Dozier*, 995 So. 2d 136, 138 (¶7) (Miss. Ct. App. 2008).

¶7.     Because the administrative agency sits as the finder of fact, a reviewing court is obligated to show "substantial deference" to any determination of credibility or trustworthiness of witness testimony. *Pub. Emps.' Ret. Sys. v. Cobb*, 839 So. 2d 605, 609 (¶12) (Miss. Ct. App. 2003). "There is a rebuttable presumption in favor of a PERS ruling. Neither the appellate court nor the circuit court is entitled to substitute its own judgment for that of PERS, and it is impermissible for a reviewing court to re-weigh the facts of the case." *Pub. Emps.' Ret. Sys. v. Card*, 994 So. 2d 239, 242 (¶15) (Miss. Ct. App. 2008) (quoting *Pub. Emps.' Ret. Sys. v. Dishmon*, 797 So. 2d 888, 891 (¶9) (Miss. 2001)). Thus, even if we would have reached a different conclusion had we been sitting as the finder of fact, we may

5

not reweigh the evidence and substitute our own opinion for that of the PERS Board. *Bynum v. Miss. Dep't of Educ.*, 906 So. 2d 81, 91 (¶17) (Miss. Ct. App. 2004).

ANALYSIS

**I.    Whether the PERS Board's decision to deny Phillips disability benefits under section 25-11-113 is not supported by substantial evidence and, therefore, arbitrary and capricious.**

¶8.    Phillips asserts that PERS's decision to deny her request for non-duty-related disability benefits is arbitrary and capricious and not supported by substantial evidence. Because Phillips was an inactive member of PERS at the time she applied for disability benefits, the PERS Medical Board, Disability Appeals Committee, and Board of Trustees were tasked with determining whether Phillips became permanently disabled within six months of her October 24, 2008 termination and, if so, whether she provided "satisfactory proof . . . that [her] disability was the direct cause of withdrawal from state service." Miss. Code Ann. § 25-11-113(1)(c).

¶9.    Mississippi Code Annotated section 25-11-113(1)(a) (Supp. 2008), as it read at the time Phillips's application was filed, sets forth the criteria for PERS disability benefits as follows:

> [I]n no event shall the disability retirement allowance begin before termination of state service, provided that the [M]edical [B]oard, after an evaluation of medical evidence that may or may not include an actual physical examination by the [M]edical [B]oard, *certifies that the member is mentally or physically incapacitated for the further performance of duty, that the incapacity is likely to be permanent*, and that the member should be retired; however, the [B]oard of [T]rustees may accept a disability medical determination from the Social Security Administration in lieu of a certification from the [M]edical [B]oard. . . . *For the purposes of disability determination, the [M]edical [B]oard shall apply the following definition of disability:  the inability to*

6

*perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation*, or the incapacity to perform the duties of any employment covered by the Public Employees' Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.

(Emphasis added).

¶10. Further, section 25-11-113(1)(c) provides that the disability must be the direct cause of the applicant's withdrawal from state service:

Any inactive member who became a member of the system before July 1, 2007, with four (4) or more years of membership service credit, . . . who has withdrawn from active state service, *is not eligible for a disability retirement allowance unless the disability occurs within six (6) months of the termination of active service and unless satisfactory proof is presented to the [B]oard of [T]rustees that the disability was the direct cause of withdrawal from state service*.

(Emphasis added).

¶11. Thus, in order to approve a claim for disability benefits, PERS must find sufficient medical evidence of a physical or mental condition that is likely to be permanent and that renders the applicant incapable of performing his or her job or another job offered by the employer within the same geographic area and with no material reduction in pay. *See* Miss. Code Ann. § 25-11-113(1)(a); *see also Pub. Emps.' Ret. Sys. v. Worlow*, 172 So. 3d 745, 747 (¶14) (Miss. Ct. App. 2011) (stating that applicant for disability benefits carries initial burden of proving disability "through objective medical evidence"). PERS must also find that the disability occurred within six months of termination and was the direct cause of withdrawal from state service. Miss. Code Ann. § 25-11-113(1)(c).

¶12. The question before this Court is not whether there is evidence to support a finding

7

that Phillips is disabled, but rather whether there is evidence in the record to support the PERS Board's decision to deny disability benefits. *Dishmon*, 797 So. 2d at 892 (¶12). "On appeal, we must determine whether there was substantial credible evidence to support the [PERS] Board's decision . . . , not whether we might reach a different conclusion had we been sitting on the [PERS Board]." *Thomas*, 995 So. 2d at 119-20 (¶20). "Substantial evidence has been defined by this Court as such relevant evidence as reasonable minds might accept as adequate to support a conclusion." *Davidson v. Pub. Emps.' Ret. Sys.*, 219 So. 3d 577, 581 (¶15) (Miss. Ct. App. 2017) (quoting *Knight v. Pub. Emps.' Ret. Sys.*, 108 So. 3d 912, 915 (¶13) (Miss. 2012)) (internal quotation marks omitted). "If an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious." *Pub. Emps.' Ret. Sys. v. Howard*, 905 So. 2d 1279, 1284 (¶14) (Miss. 2005) (quoting *Pub. Emps.' Ret. Sys. v. Marquez*, 774 So. 2d 421, 430 (¶35) (Miss. 2000)). "An administrative agency's decision is arbitrary when it is not done according to reason and judgment, but depending on the will alone." *Howard*, 905 So. 2d at 1285 (¶16) (quoting *Miss. State Dep't of Health v. Natchez Cmty. Hosp.*, 743 So. 2d 973, 977 (¶13) (Miss. 1999)). And "[a]n action is capricious if done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principles." *Id*.

¶13. Here, the PERS Board's denial of disability benefits is supported by substantial evidence that Phillips's medical condition was not the direct cause of her termination from state service. The record evidence demonstrates that Phillips's employment with the

Department of Human Services was terminated due to misconduct—specifically, allegations that she stole and/or solicited medications from her clients and their families. Phillips's Employer Certification form indicates that Phillips was terminated due to issues other than "poor performance related to medical condition," and on her PERS "Medical Information Form," Phillips wrote that she stopped working because she was accused of and terminated due to "misconduct." Phillips even reported the allegations of misconduct against her and her resulting suspension and termination to several of her medical providers.

¶14. Accordingly, the Appeals Committee's finding—adopted by the PERS Board—that Phillips's alleged disability was not the direct cause of her withdrawal from state service and the PERS Board's subsequent denial of non-duty-related disability benefits are supported by substantial evidence and are neither arbitrary nor capricious. Therefore, we find this assignment of error to be without merit.

### II. Whether the PERS Board violated Phillips's due process rights to a fair hearing by not obtaining additional medical records.

¶15. Phillips asserts that PERS violated her due process rights when it did not obtain additional medical records for review, and that PERS's failure to defer her case after acknowledging it did not have all of her medical records was arbitrary and capricious.[2] We find this issue is moot, as the PERS Board's decision to deny Phillips disability benefits is supported by substantial evidence that Phillips was terminated for reasons unrelated to a mental or physical incapacity or disability. Regardless, we also find this assignment of error

---

[2] Regarding PERS's claim that Phillips is barred from raising this issue for the first time on appeal, we find that claim to be without merit. Phillips properly preserved her due process argument at the circuit court level.

9

to be without merit.

¶16.    Mississippi Code Annotated section 25-11-120(1) (Rev. 2006) gives PERS the "authority to defer a decision in order to request a medical evaluation or test or additional existing medical records not previously furnished by the claimant."  But the authority to request "additional existing medical records not previously furnished by the claimant" does not require PERS to defer a case to obtain or review every possible record.  The statute merely confers upon PERS "the authority to order additional medical records."  *Stevison v. Pub. Emps.' Ret. Sys.*, 966 So. 2d 874, 882 (Miss. Ct. App. 2007).  Conversely, while a claimant is "not statutorily required to produce all of her medical records, but only to produce sufficient evidence to support the claim of inability to perform the usual duties of her employment," *id*., the burden of proof falls on the claimant.  *Stevison*, on which Phillips relies for support, is distinguishable from this case, because PERS here relied not on unsupported assumptions that "the missing information contained opinions of no disability," *id*., but on the substantial evidence in the record before it.  Phillips thus cannot claim her due process rights were violated by her own failure to present a full set of medical records to the Appeals Committee.

¶17.    In its "Proposed Statement of Facts, Conclusions of Law, and Recommendation," the Appeals Committee "found the evidence before it sufficient to make an informed and knowledgeable decision based on the records already presented by Ms. Phillips along with her testimony and that of her family."  Thus, the Appeals Committee—and subsequently the PERS Board—determined that sufficient evidence had been presented and that no additional

evidence was needed to reach its decision to deny Phillips disability benefits. As such, we affirm.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**