# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CC-00795-COA

**RICO MITCHELL**  APPELLANT

**v.**

**MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY AND GEOPAVE, LLC**  APPELLEES

DATE OF JUDGMENT: 07/07/2021
TRIAL JUDGE: HON. DALE HARKEY
COURT FROM WHICH APPEALED: JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: RICO MITCHELL (PRO SE)
ATTORNEY FOR APPELLEE: ALBERT B. WHITE
NATURE OF THE CASE: CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION: AFFIRMED - 10/04/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.    Rico Mitchell (a pro se litigant) was denied unemployment benefits by the Mississippi Department of Employment Security (MDES). His appeals to an Administrative Law Judge (ALJ) and the MDES Board of Review were not favorable to Mitchell. Aggrieved, Mitchell now appeals the Jackson County Circuit Court's order affirming the decision of the Board of Review. Finding no error, we affirm.

## FACTS

¶2.    This Court recently decided a similar case brought by Mitchell and set out the facts

involved here:[1]

> Rico Mitchell was an employee of Geopave LLC, a company specializing in soil stabilization and asphalt paving. One morning, Mr. Mitchell's supervisor informed him of a new work assignment. A team was to drive an asphalt truck from the Geopave office in Gulfport to a worksite in St. James, Louisiana. Upon arrival, they were to leave the truck and drive one van back to Gulfport. Then they would ride back and forth in this van for the remainder of the project.
>
> Mr. Mitchell stated that he had "breathing problems" and objected to riding in a van with five other masked employees for the long trip to Louisiana. [In his briefing, Mr. Mitchell asserts that his concerns related to having to "ride in a vehicle with five individuals wearing a mask for 2.5 hours during the COVID-19 pandemic."] The supervisor suggested that he could ride back in the van for the first day and then drive "his" personal vehicle the next day. The supervisor also suggested that the company could pay for Mitchell's gas costs.
>
> Mr. Mitchell rejected his supervisor's compromise. He then started to leave the meeting room. Mr. Mitchell's supervisor asked him to stay and work something out. Nevertheless, Mr. Mitchell continued to walk out and left work for the day.
>
> Mr. Mitchell did not report for work the next day. Shortly thereafter, his employment was terminated, and he was removed from the company's payroll.

*Mitchell v. Miss. Dep't of Emp. Sec.*, 340 So. 3d 374, 375 (¶¶2-5) (Miss. Ct. App. 2022)

(paragraph numbering and heading omitted) (bracketed text added from footnote in original).

## PROCEDURAL HISTORY

¶3.     After his employment was terminated, Mitchell applied for unemployment benefits. The MDES held that Mitchell was not eligible for unemployment benefits because he failed

---

[1] In *Mitchell v. Miss. Dep't of Emp. Sec.*, 340 So. 3d 374, 375 (¶¶15-19) (Miss. Ct. App. 2022), we focused on whether Mitchell had satisfied the work-search requirement necessary to obtain unemployment benefits.

to show good cause for voluntarily leaving his employment.

¶4. Mitchell appealed the MDES's denial to an ALJ. A telephonic hearing was held on March 18, 2021, and it was noted that the issues to be considered were whether "Mitchell is eligible for unemployment benefits based on the reason he was separated from his employment, and whether [Geopave] should be charged for benefits paid to [Mitchell]."[2] Mitchell and representatives from Geopave participated in the hearing. The ALJ's decision stated that Mitchell was disqualified from receiving benefits effective January 8, 2021, because he left work without good cause.

¶5. Dissatisfied with the ALJ's ruling, Mitchell appealed to the MDES Board of Review. The Board of Review accepted the appeal and, after review, adopted the ALJ's findings of fact and opinion and affirmed the decision. Mitchell next appealed to the Jackson County Circuit Court. The circuit court determined that he voluntarily left his employment at Geopave after a disagreement with his supervisor. Citing Mississippi Code Annotated section 71-5-513(A)(1)(a) ( Supp. 2019), the circuit court agreed with the Board of Review's finding that Mitchell failed to show good cause for leaving his employment and was disqualified from receiving employment benefits.

¶6. Mitchell raises nine issues on appeal—all of which focus on alleged due process issues and procedural issues at the hearing. However, as discussed more fully below, the pertinent issue is whether the Board of Review's finding that Mitchell left his job with Geopave for no good cause was based on substantial evidence.

---

[2] Only the first issue is relevant to Mitchell's appeal before this Court.

**STANDARD OF REVIEW**

¶7.     "[O]ur standard for reviewing the decision of an administrative agency is limited." *College Network v. Miss. Dep't of Emp. Sec.*, 114 So. 3d 740, 743 (¶8) (Miss. Ct. App. 2013) (citing *Miss. Emp. Sec. Comm'n v. PDN Inc.*, 586 So. 2d 838, 840 (Miss. 1991)). We will not disturb the Board of Review's decision "unless it: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one's constitutional rights." *EMC Enter. Inc. v. Miss. Dep't of Emp. Sec.*, 11 So. 3d 146, 150 (¶9) (Miss. Ct. App. 2009) (quoting *Pub. Emp. Ret. Sys. v. Dozier*, 995 So. 2d 136, 138 (¶7) (Miss. Ct. App. 2008)).  The Board of Review's finding that an employee has quit work voluntarily without good cause is a question of fact that will be upheld if it is supported by substantial evidence. *Huckabee v. Miss. Emp. Sec. Comm'n.*, 735 So. 2d 390, 394 (¶14) (Miss. 1999).

**DISCUSSION**

**I.      Substantial evidence existed for the Board of Review to find that Mitchell voluntarily left his job.**

¶8.     "Unemployment benefits are available for employees who leave work involuntarily, through no fault of their own." *Hudson v. Miss. Emp. Sec. Comm'n*, 869 So. 2d 1065, 1067 (¶8) (Miss. Ct. App. 2004).  An employee is disqualified from receiving unemployment benefits if he or she left work voluntarily and without good cause. Miss. Code Ann. § 71-5-513(A)(1)(a).  The burden of proving good cause for voluntarily leaving employment rests with the employee.  *Id.* § 71-5-513(A)(1)(c).  MDES Unemployment Insurance Regulation 309.00 states that in order to prove this fact, a person must demonstrate that an

4

"ordinary[,] prudent employee" in his predicament would feel compelled to terminate his employment. He must also show that prior to leaving his job, he "[explored] alternatives to quitting" and "[made] reasonable efforts to preserve employment." And as stated above, "[t]he question of whether an employee voluntarily leaves his employment or is terminated is a question of fact to be determined by the MDES." *Waldrup v. Miss. Emp. Sec. Comm'n*, 951 So. 2d 597, 599 (¶9) (Miss. Ct. App. 2007) (citing *Huckabee*, 735 So. 2d at 394 (¶14)).

¶9. There is testimony that Mitchell told Geopave on January 4, 2021, he would not be in because he was sick. Mitchell went to Urgent Care, but he returned to work on January 6, 2021. At the hearing when questioned about the existence of any medical restrictions, Mitchell testified that he was under no restrictions when he returned to work on January 6, 2021: "[a]nd as you can see on both medical slips, you can see the only thing that probably can tell you anything that something was wrong with me was my blood pressure was (inaudible)." Upon arrival at work on January 6, 2021, Mitchell told Geopave that he was not feeling well, and he later testified that he went to the hospital after leaving work. The records from Urgent Care that Mitchell submitted are illegible. Additionally, at no point did Mitchell's testimony or other documentary evidence indicate that a physician had told Mitchell that he could not work. In fact, despite citing fears of COVID-19 if he rode with his co-workers in the truck to the job site, Mitchell refused to be tested for COVID-19.

¶10. Despite the lack of any restrictions from his physician, Geopave understood and sympathized with Mitchell's objection to riding in a van with five other employees. His supervisor even suggested that Mitchell could ride back in the van for the first day and then

5

drive his personal vehicle the next day, with Geopave paying for his gas. When Mitchell rejected this offer, his supervisor asked him to stay and work something out. Instead of talking to his supervisor or suggesting another solution, Mitchell left. He did not report to work the following day and failed to alert Geopave or give the company any explanation for his failure to appear. Based on Mitchell's actions and in keeping with company policy, his employment was terminated on January 8, 2021.

¶11.   *Hudson*, 869 So. 2d at 1067 (¶6), presents facts somewhat similar to those currently before us. In *Hudson*, the ALJ found that:

> The facts and evidence in this case show that the claimant voluntarily quit this position because he felt like his foreman was placing pressure on him and causing his blood pressure to elevate. The evidence presented by the claimant in this case does not substantiate a finding that the employer caused his blood pressure to elevate, nor has the claimant established that his physician advised him to leave his job due to his health concerns. The claimant did not exhaust all avenues with this employer in an effort to resolve this problem before he quit.

*Id.* We effectively affirmed that decision. *Id*. at 1069 (¶¶12-13).

¶12.   The ALJ who presided over Mitchell's hearing made the following decision: "An investigation reveals you voluntarily left work when work was available. You have not shown good cause under the Mississippi Employment Security Law for leaving work. You are disqualified from receiving Unemployment Insurance benefits . . . ." The Board of Review adopted the ALJ's finding, and we hold that the decision was based on substantial evidence and affirm the circuit court's decision.

## II.   Mitchell cannot succeed on his remaining arguments.

¶13.   Mitchell alleges as issues for the first time on appeal that actions by the MDES and

6

the ALJ constitute violations of due process rights and that Geopave employees committed perjury regarding evidentiary testimony. We do "not consider issues raised for the first time on appeal." *Anderson v. LaVere*, 136 So. 3d 404, 410 (¶27) (Miss. 2014). Furthermore, we do not hold trial courts in error on issues not presented to them for consideration. *Davis v. Guido*, 308 So. 3d 874, 882 (¶33) (Miss. Ct. App. 2020). "Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs." *Chantey Music Pub. Inc. v. Malaco Inc.*, 915 So. 2d 1052, 1060 (¶28) (Miss. 2005) (citing *Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725, 730 (Miss. 1989)). Because Mitchell failed to set forth these arguments previously, he is barred from raising them on appeal.

¶14. Additionally, we note that neither Mitchell's brief nor the supplement thereto meets the requirements of Mississippi Rules of Appellate Procedure 28(a)(7). This rule requires the argument section of an appellant's brief to "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). The issues Mitchell presents are not backed by legal argument, and he makes no attempt to discuss why or how the cases he cites weigh in his favor. *See Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014) (holding that "[a]n appellant cannot give cursory treatment to an issue and [expect] this Court to uncover a basis for the claims, either in the record or in the law"). It is well-settled law that we do not decide cases based upon unsupported representations made by the parties in their briefs. *See Magee v. Transcon. Gas Pipe Line Corp.*, 551 So. 2d

7

182, 186 (Miss. 1989). Mitchell's arguments are clearly not the type contemplated by Rule 28(a)(7). This Court has held consistently that the "[f]ailure to cite any authority is a procedural bar, and [a reviewing court] is under no obligation to consider the assignment." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005); *accord Jefferson*, 138 So. 3d at 265 (¶¶8-9) (holding that "[t]he appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal"). Because Mitchell failed to comply with Rule 28(a)(7), we decline to address these assignments of error.

## CONCLUSION

¶15. For the foregoing reasons, we find that substantial evidence existed in support of the fact that Mitchell failed to demonstrate good cause for leaving his job. As a result, the circuit court appropriately affirmed the Board of Review's decision: Mitchell is not entitled to unemployment benefits. Finding no error, we affirm the circuit court's order.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**