IRVING, P.J.,
for the Court:
¶ 1. Rebecca Worlow worked as a teacher in the Aberdeen School District for twenty-six years. On May 26, 2005, Wor-low terminated her émployment and later filed an application for non-duty related disability with the Public Employees’ Retirement System (PERS). The PERS Medical Board denied Worlow’s request for benefits, finding that there was insufficient objective medical evidence in support of her disability claim. Worlow appealed to the Disability Appeals Committee, which recommended to the PERS Board of Trustees that benefits be denied. The Board adopted the Committee’s recommendation. Worlow then appealed to the Hinds County Circuit Court, which reversed the Board’s decision.
¶2. Feeling aggrieved, PERS appeals and argues that circuit court erred in reversing the Board’s decision and awarding disability benefits where the Board’s decision was supported by substantial evidence and was not arbitrary or capricious.
¶ 3. Finding no reversible error, we affirm.
FACTS
¶ 4. On April 29, 2005, Worlow presented to Dr. Arthur Brown, a general practitioner, complaining of pain in her hands and feet. Dr. Brown prescribed pain medication and ordered a rheumatoid arthritis • diagnostic test. During her follow-up visits, Worlow continued to complain of stiffness and significant discomfort in her hands and feet. On June 14, 2005, Dr. Brown diagnosed Worlow with rheumatoid arthritis and referred her to Dr. Kevin Asa, a rheumatologist.
¶ 5. On July 11, 2005, Worlow applied for non-duty related disability benefits. Worlow had been diagnosed with rheumatoid arthritis and asserted that her condition prevented her from performing her duties as a teacher. Chester Leigh, the principal at Worlow’s school, submitted an Employer’s Certification of Job Requirements to PERS certifying that Worlow’s rheumatoid arthritis prevented her from performing the required job duties.
¶ 6. On July 26, 2005, Dr. Asa evaluated Worlow for rheumatoid arthritis. Dr. Asa noted the presence of rheumatoid nodules on Worlow’s fingers, tenderness in her ankles, “pain on motion” in her wrists, and knee crepitus. Dr. Asa agreed with Dr. Brown that Worlow suffered from rheumatoid arthritis and prescribed Humira injections.
¶ 7. Dr. Brown and Dr. Asa both submitted a Statement of Examining Physician to PERS. Dr. Brown stated that Worlow was unable to stand for very long and was unable to write. Additionally, Dr. Brown stated that Worlow’s rheumatoid arthritis was “limiting her function at her job.” However, Dr. Brown did not expressly give an opinion as to whether Worlow was disabled. Dr. Asa stated that Worlow was unable to stand or use her hands for more than thirty minutes, but he did not state whether these limitations rendered Wor-low disabled.
¶ 8. On November 28, 2005, Dr. Laura Gray performed an independent medical examination at PERS’s request. Dr. Gray did not refute Dr. Brown’s and Dr. Asa’s diagnoses of rheumatoid arthritis, nor did she offer an opinion as to whether Wor-low’s condition rendered her disabled. Instead, she deferred to Dr. Asa’s and noted that he had not suggested that Worlow was disabled.
¶ 9. In February 2006, Worlow suffered an adverse reaction to the Humira injec *747 tions and visited the emergency room at Pioneer Community Hospital in Aberdeen, Mississippi, where she was treated by Dr. Kevin Hayes. Worlow testified at her hearing before the Disability Appeals Committee that Dr. Hayes later became her primary physician in place of Dr. Brown. On March 9, 2006, Dr. Hayes completed a Medical Source Statement wherein he stated that Worlow was unable to perform her job duties due to her rheumatoid arthritis.[1] Additionally, he stated that his opinion was confirmed by objective medical findings and was not based solely on Worlow’s subjective complaints.
¶ 10. Dr. Hayes referred Worlow to another rheumatologist, Dr. Shehla Atiq. Dr. Atiq evaluated Worlow on February 14, 2006, and noted tenderness in Worlow’s neck, shoulders, and wrists. Additionally, Dr. Atiq noted significant crepitus and mild synovitis in Worlow’s knees. Dr. Atiq ordered additional laboratory testing and x-rays, but she did not refute Drs. Asa’s and Brown’s findings that Worlow suffered from rheumatoid-arthritis.
¶ 11. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION. OF THE ISSUE
¶ 12. Appellate courts employ a limited standard of review of administra-five agency actions. Pub. Employees’ Ret. Sys. v. Howard, 905 So.2d 1279, 1284 (¶ 13) (Miss.2005). As such, agency decisions “must remain undisturbed unless the agency’s order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one’s constitutional rights.” Id. (quoting Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, 425 (¶ 11) (Miss.2000)).
¶ 13. PERS argues that the circuit court erred in reversing its denial of benefits because its decision was supported by substantial evidence and was not arbitrary or capricious.[2] Substantial evidence requires “something more than a ‘mere scintilla’ or suspicion.” Id. at 1285 (¶ 16) (quoting Marquez, 774 So.2d at 425 (¶ 13)). “If an administrative agency’s decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious.” Id. at 1284 (¶ 14) (quoting Marquez, 774 So.2d at 430 (¶3 5)).
¶ 14. The applicant for disability benefits carries the initial burden of proving to PERS, through objective medical evidence, that she is disabled.[3] Id. at 1284 (¶ 15). However, “[t]he primary question before [an appellate court] is not ... whether there is ‘substantial evidence’ of a *748 disability, but whether the record contains substantial evidence to support PERS[’s] finding that [the applicant] is not disabled.” Pub. Employees’ Ret. Sys. v. Dishmon, 17 So.3d 87, 92 (¶ 19) (Miss.2009).
¶ 15. Based on our review of the record, we find that it does not contain substantial evidence that Worlow is not disabled. Dr. Hayes unequivocally stated that Worlow’s rheumatoid arthritis prevented her from performing her job duties. Specifically! he stated that Worlow could not stand for more than one hour uninterrupted and could not sit for more than two hours interrupted. Dr. Brown and Dr. Asa stated that Worlow’s condition limited her ability to stand and write continuously. Additionally, Worlow’s principal certified that she could not perform her job duties, which frequently required standing and writing. Finally, Dr. Gray, who evaluated Worlow at PERS’s request, gave no opinion regarding whether Worlow’s condition rendered her unable to perform the duties associated with teaching.
¶ 16. Because the record does not contain substantial evidence in support of PERS’s decision to deny disability benefits, the circuit court did not err in reversing that decision. Accordingly, we affirm the judgment of the circuit court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. Based on our review of the record, Dr. Hayes’s statement was submitted to the Disability Appeals Committee prior to the May 19, 2006 hearing and was included in the file reviewed by the Committee in rendering its decision to deny Worlow's disability benefits.

. Neither party has suggested on appeal that PERS’s decision was beyond the scope of its powers or in violation of Worlow’s constitutional rights.

. Mississippi Code Annotated section 25 — 11— 113(l)(a) (Rev.2010) defines disability as: the inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees’ Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.